**THE LAW OFFICES OF
BENJAMIN G. KELSEN, ESQ. LLC**
1415 Queen Anne Road, Suite 206
Teaneck, NJ 07666
Phone: 201-692-0073
Fax: 201-692-0151
Email: info@kelsenlaw.com

| | |
|---|---|
| **SOLOMON CHEHEBAR and SARA CHEHEBAR, Husband and Wife**<br>                            Plaintiff(s),<br><br>v.<br><br>**OCWEN LOAN SERVICING, LLC and JOHN DOE (1-10),**<br>                            Defendant(s) | THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION:_____<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT and DEMAND FOR JURY TRIAL** |

PlaintiffS , **SOLOMON CHEHEBAR and SARA CHEHEBAR, Husband and Wife** (hereinafter, "PlaintiffS"), a New Jersey resident, brings this complaint by and through their attorneys, **THE LAW OFFICES OF BENJAMIN G. KELSEN, ESQ. LLC**, against **OCWEN LOAN SERVICING, LLC** and **JOHN DOE (1-10)** (hereinafter "Ocwen" or "Defendant"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge. Plaintiffs brings this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA).

**JURISDICTION AND VENUE**

1.   The Court has jurisdiction over this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA), 28 U.S.C. § 1331 and 47 U.S.C. § 227, as well as 15 USC §1692 *et seq*. and 28 U.S.C. §2201.

2.   The Court also has supplemental jurisdiction under 28 U.S.C. §1367(a).

3.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

4.   Both Plaintiffs are a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

5.   Plaintiffs reside at 221 Elmwood Road in Oakhurst, NJ 07755.

6.   Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## FACTUAL ALLEGATIONS

7.   Plaintiffs are the sole subscribers of the Verizon Wireless cellular phone account bearing the phone number of 732-245-5435, and have been the sole subscribers of that account at all times relevant hereto.

8.   Plaintiffs are the sole parties financially responsible for the payment of the Verizon Wireless account bearing the phone number of 732-245-5435, and have been the sole parties financially responsible for that account at all times relevant hereto.

9.   The above referenced number is part of a "family plan" and is associated with a cellular phone usually utilized by the Plaintiff **SARA CHEHEBAR**.

10.  Plaintiff **SARA CHEHEBAR** is and has been the regular user of that phone number at all times relevant hereto.

11.  Plaintiffs are the "called party" as that term is used by 47 U.S.C. §227 with respect to the calls placed on their cellular telephone number 732-245-5435.

12.  Ocwen Financial Corporation (hereinafter "OFC") is a Florida Corporation with its principal place of business at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

13.  Defendant Ocwen Loan Servicing, LLC (hereinafter "OLS") is a subsidiary of OFC, and is a limited liability company organized and existing under the laws of the State of Delaware.

14.  Defendant is a debt collector as defined by 15 U.S.C. §1692(a)(6).

15. John Does 1-10, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## NATURE OF THE ACTION

16. Plaintiff brings this action individually seeking redress for Defendant's actions which violate the Telephone Consumer Protection Act, 47 U.S.C. §227 (hereinafter "TCPA"), as well as the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (hereinafter "FDCPA").

17. The regulations under the TCPA prohibit placing calls to a cellular telephone via an automated telephone dialing system (an "ATDS") without the called party's prior express consent.

18. The regulations under the TCPA further prohibit calling a cellular telephone with an ATDS after prior express consent was revoked.

19. Section 47 U.S.C. §227(b) of the TCPA provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to... any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call;"

20. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

21. Plaintiffs are seeking damages, and declaratory and injunctive relief.

## ALLEGATIONS OF FACT

22. On or about December 23, 2005, Plaintiff purchased a personal residence at 221 Elmwood Road in Oakhurst, NJ 07755 with a mortgage, where they have lived ever since.

23. Due to unforeseen circumstances and economic hardship, Plaintiff stopped paying his mortgage several years ago. As a result of the non-payment, the mortgage subsequently went into default. Plaintiffs entered into a loan modification during the summer of 2014. Due to further hardship the Plaintiffs once again fell behind on their mortgage payments.

24. Subsequently, the alleged loan was transferred to the Defendant for servicing or was purchased by the Defendant.

25. At that time, the mortgage was in default and was an alleged consumer debt as defined by 15 U.S.C. §1692(a)(5).

26. Upon information and belief, and better known to the Defendant, the Defendant commenced communication with Plaintiffs beginning approximately in October 2014. At around the same time, upon information and belief, the Plaintiffs requested that any and all communications be in writing.

27. Following that time and continuously through the present the Defendant by using an auto-dialer and prerecorded messages placed multiple telephone calls to Plaintiffs' mobile telephone number 732-245-5435 in excess of seventy (70) times.

28. Defendant would call Plaintiff's cellular telephone, using an automatic telephone dialing system to initial the telephone call.

29. Defendant's use of an automated telephone dialing system was clearly indicated by the placement of over 70 calls to the Plaintiff in a twelve month period, the placement of several calls to the Plaintiff per day, and the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

30. These phone calls were made several times a day, on a daily basis, with such frequency as can reasonably be expected to harass.

31. On or around June 23, 2015, the Plaintiff **SARA CHEHEBAR** answered one of the phone calls and explicitly told the Defendant to stop calling their cellular phone.

32. Upon information and belief, from June 23, 2015 through the present, a miniumum approximately 25 calls were made by the Defendant to the Plaintiff's cellular phone.

33. Defendant has ignored Plaintiff's request and continued to call Plaintiff's cellular phone numerous times on a daily basis.

34. Since the letter was sent to today's date, over seventy (70) auto dialed calls were made by the Defendant to the Plaintiff's cellular phone.

35. On many occasions, including but not limited to September 14, September 23, September 30, October 27, November 5, November 17, and December 21, 2015Defendant would call Plaintiff's cellular phone and leave a similar generic message after a brief pause stating: "*Hi this is X from Ocwen Loan Servicing, and if you would give me a call back the number is xxx-xxx-xxxx, give me a call back and have a nice day*."

36. Pursuant to section 15 U.S.C. 1692e(11) a debt collector must in all subsequent communications with a consumer disclose that the communication was coming from a debt collector.

37. The telephone calls at issue were placed by Defendant using an automated telephone dialing system (hereafter "ATDS") in violation of the TCPA.

38. The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or the ability to dial those stored telephone numbers from its database without human intervention.

39. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

40. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse.

41. As a direct and proximate result of Defendants acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory, and actual damages.

**CAUSES OF ACTION**
**COUNT I**
**NEGLIGENT VIOLATIONS OF**
**THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

44. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

48. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)( c).

49. Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 USC § 1692e of the FDCPA.

52. Pursuant to 15 USC §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. Defendant violated said section by failing to disclose in their voicemail message with the Plaintiff that the communication was from a debt collector in violation of 15 USC §1692e(11).

54. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

55. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiff respectfully prays for the following relief:

1. On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

2. On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and any other relief the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the

complaint.

Dated: December 4, 2015

                                        Benjamin G. Kelsen, Esq.
                                        **THE LAW OFFICES OF**
                                        **BENJAMIN G. KELSEN, ESQ. LLC**
                                        *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, **BENJAMIN G. KELSEN**, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 4, 2015

                                        Benjamin G. Kelsen, Esq.
                                        **THE LAW OFFICES OF**
                                        **BENJAMIN G. KELSEN, ESQ. LLC**
                                        *Attorneys for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third

party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

Dated: December 4, 2015

                                        Benjamin G. Kelsen, Esq.
                                        **THE LAW OFFICES OF**
                                        **BENJAMIN G. KELSEN, ESQ. LLC**
                                        *Attorneys for Plaintiff*